<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____

| | |
|---|---|
| **212 MARIN BOULEVARD, LLC,** | : |
| **ET AL.** | : |
| | : |
| **Plaintiff(s),** | : |
| | : |
| **v.** | : |
| | : |
| **CHICAGO TITLE INSURANCE CO.** | : |
| | : |
| **Defendant(s).** | : |

_____:

**Civil Action No. 09-6366 (JLL)**

<u>**REPORT AND RECOMMENDATION**</u>

This matter comes before the Court on the motion of Plaintiffs to remand this action to the Superior Court of New Jersey. (CM/ECF Docket Entry No. 9.)  The Court has reviewed the submissions in support of and in opposition to the motion.  Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard.  This Report and Recommendation is rendered pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons expressed below, I respectfully recommend that the Court enter an Order granting Plaintiffs' motion.

<u>**BACKGROUND**</u>

On November 17, 2009, Plaintiffs 212 Marin Boulevard, LLC, 247 Manila Avenue, LLC, 280 Erie Street, LLC, 317 Jersey Avenue, LLC, 354 Cole Street, LLC, 389 Monmouth Street, LLC, 415 Brunswick Street, LLC and 446 Newark Avenue, LLC (collectively "Plaintiffs") filed a Complaint in the Superior Court of New Jersey, Hudson County against Defendant Chicago Title Insurance Company.  Plaintiffs' Complaint alleges that Defendant breached its obligations under title policies that Plaintiffs purchased from Defendant to insure eight parcels of real property. Plaintiffs' Complaint asserts various causes of action, including declaratory relief, breach of contract and bad faith.  On December 17, 2009, Defendant removed this matter to this Court, asserting that the citizenship of the parties is diverse and the amount in controversy exceeds

1

$75,000, thus warranting federal subject matter jurisdiction.  On December 24, 2009, Plaintiffs filed a motion to remand, which Defendant opposed.

Plaintiffs assert that diversity of citizenship between the parties is lacking, divesting this Court of federal subject matter jurisdiction.  It is undisputed that Plaintiffs are citizens of Florida and that Defendant is at least a citizen of Nebraska, the state of its incorporation.  Plaintiffs allege that Defendant is also a citizen of Florida, the state of its principal place of business, rendering both parties citizens of Florida and defeating diversity of citizenship.  In support of this position, Plaintiffs rely on three Notices of Removal Defendant has recently filed in federal courts located in Texas and Georgia, both of which claim Florida as Defendant's principal place of business. (Pl. Br. at 4.)  In particular, the most recent Notice of Removal filed by Defendant includes the sworn declaration of a corporate officer stating that Defendant's principal place of business is Florida.  (Id.)  Beyond these pleadings, Plaintiffs argue that many other facts point to Florida as Defendant's principal place of business.  These facts include Defendant's main administrative office in Florida, its President and Chief Financial Officer are based exclusively in Florida, several other officers and directors are based in Florida, and a Florida address is given as the contact information on Defendant's website.  (Pl. Reply Br. at 3.)

Defendant opposes Plaintiffs' motion and asserts that its principal place of business is Nebraska, therefore making the parties citizens of different states.  Defendant concedes that it is conceivable that Florida could be its principal place of business under the analysis used by the courts in Texas and Georgia - the "nerve center" test - but states that under the different standard applicable in New Jersey - the "center of corporate activities" test - Nebraska is its principal place of business for the purpose of this action.  Therefore, Defendant asserts that the parties have diverse citizenship and it is proper for this Court to exercise federal subject matter jurisdiction.

## DISCUSSION

## I.    Legal Standard for Removal

Federal courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by Congress.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A defendant may remove a plaintiff's state court action to federal district court if the plaintiff's action could otherwise have been commenced in federal court.  28 U.S.C. § 1441(a) ("any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ...").  Thus, "[t]o qualify for removal, the cause of action must be a claim 'of which the district courts of the United States have original jurisdiction.'"  Penn v. Wal-Mart Stores, 116 F.Supp.2d 557, 561 (D.N.J. 2000) (quoting 28 U.S.C.§ 1441(a)).

## II.    Standard for Remand

2

A party may seek to remand a civil action back to state court based on lack of subject matter jurisdiction. 28 U.S.C. § 1447©.  A party opposing remand must show that removal was proper.  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), *cert denied*, 498 U.S. 1085 (1991).  The Third Circuit has held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."  Federico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007). Moreover, removal statutes are to be strictly construed and all doubts must be resolved in favor of remand.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).


### III.    Diversity of Citizenship

Pursuant to 28 U.S.C. § 1332, a district court has original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between, *inter alia*, citizens of different states.  28 U.S.C. § 1332(a)(1). Section 1332 requires complete diversity among the parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant.  Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996); Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d. Cir. 2010). For purposes of diversity jurisdiction and removal, the citizenship of a limited liability company is determined by the citizenship of all of its members, Carden v. Arkoma Assocs., 494 U.S. 185, 196 (1990); Zambelli, 592 F.3d at 418.  In addition, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

### IV.    Analysis

Plaintiffs' Complaint alleges only state law causes of action.  Thus, to determine whether removal is proper in this case, the Court must examine Defendant's principal place of business to ascertain its citizenship and determine if the citizenship of the parties is diverse.

At the time this motion was filed, each circuit used its own test to determine a corporation's principal place of business.  For example, the Third Circuit utilized a "center of corporate activities" test whereas the Fifth and Eleventh Circuits (where the other Notices of Removal were filed) combined the activities test with a "nerve center" test.  See, e.g., Kelly v. U.S. Steel Corp., 284 F.2d 850, 851 (3d Cir. 1960); Harris v. Black Clawson Co., 961 F.2d 547, 549 (5th Cir. 1992); MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). Other circuits used similar variations of these tests.  Thus, at the time this motion was filed, it was plausible for Defendant to have one principal place of business under one jurisdiction's analysis and another principal place of business under a different jurisdiction's analysis. However, these divergent results are no longer possible, as the United States Supreme Court recently resolved the longstanding circuit split and held that the "nerve center" test shall govern. Hertz Corp. v. Friend, 559 U.S. ___ ,130 S.Ct. 1181 (2010).

3

In <u>Hertz</u>, plaintiffs were California citizens who brought suit in California state court alleging violations of the state's wage and hour laws. <u>Id.</u> at 1186. Defendant removed to federal court on diversity of citizenship grounds, relying on its corporate headquarters in New Jersey as its principal place of business. <u>Id.</u> The district court applied Ninth Circuit precedent and concluded that California was Defendant's principal place of business. <u>Id.</u> at 1186-87. The Ninth Circuit affirmed. <u>Id.</u> at 1187. The United States Supreme Court granted a writ of certiorari to resolve the split among the circuit courts in their principal place of business analyses for diversity fo citizenship purposes. <u>Id.</u> The Court concluded that a 'nerve center' test shall govern. <u>Id.</u> More specifically, the Court held that "'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." <u>Id.</u> at 1192. The Court continued that "... in practice it should normally be the place where the corporation maintains its headquarters - provided that the headquarters is the actual center of direction, control and coordination, i.e. the "nerve center," and not simply an office where the corporation holds its board meetings ..." <u>Id.</u> In light of this holding, this Court must ascertain Defendant's citizenship by reference to the "nerve center" test rather than any tests that formerly controlled in individual jurisdictions.

Here, Defendant's main administrative office, which houses its President and Chief Financial Officer, is located in Florida. (Def. Opp'n Br. at 5.) Defendant refers to its Florida office as its "corporate headquarters." (<u>Id.</u> at 12.) The address of the Florida office is listed as Defendant's contact information on its website (Pl. Reply Br. at 3.) Four of Defendant's executive officers and directors are based entirely in Florida and several others may also regularly work in Florida despite having satellite offices outside of Florida. (Def. Opp'n Br. at 5). Defendant argues that its principal place of business is not Florida because, among other things, it is incorporated in Nebraska, its Amended and restated Bylaws state that its principal place of business is Nebraska and its home office is listed as Nebraska. (Def. Opp'n Br. at 4-5.) Defendant also contends that the fact that it is licensed to do business in forty-nine states and the District of Columbia weighs against a finding that its principal place of business is Florida. However, Defendant's Florida office is the place where its high-level officers direct, control and coordinate the corporation's activities. The Florida office is also its corporate headquarters which, under <u>Hertz</u>, is the locus the Supreme Court anticipated would be the principal place of business in ordinary circumstances.

Based on these facts, the Court is not persuaded that Defendant has carried its burden to establish that Florida is not its principal place of business. Rather, the Court concludes that, under the "nerve center" test, Defendant's principal place of business is Florida. Accordingly, Defendant has not demonstrated that the citizenship of the parties is diverse. Because removal statutes are to be strictly construed with all doubts resolved in favor of remand, the Court is not convinced, based on the facts before it, that Defendant has shown that this case is properly before the Court.

4

## <u>CONCLUSION</u>

For the foregoing reasons, this Court concludes that Defendant's principal place of business is Florida and there is no diversity of citizenship among the parties.  As a result, federal subject matter jurisdiction is lacking and the Undersigned respectfully recommends that Plaintiffs' motion to remand be granted.

_s/ Claire C. Cecchi_
**HON. CLAIRE C. CECCHI**
**United States Magistrate Judge**
**Dated: July 8, 2010**